IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01692-NYW

ANNE MAUREEN DOWLING,

    Plaintiff,

v.

UNITED AIRLINES, INC. and
MONTE MICHAEL WEDL,

    Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Entered by Magistrate Judge Nina Y. Wang

    This case was directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1 on July 16, 2018. [#8; #9]. This matter now comes before the court on two motions filed by Plaintiff Anne Maureen Dowling ("Plaintiff" or "Ms. Dowling"): (1) *Ex Parte* Motion to Stay Proceedings [#13] and (2) Notice Requesting Administrative Closure, [#16, filed September 7, 2018].[1] After fully considering the record and the relevant case law, the court now orders and recommends as follows.

## FACTS AND PROCEDURAL HISTORY

    On July 5, 2018, Ms. Dowling filed this action concerning an alleged sexual assault committed by Defendant Monte Michael Wedl ("Defendant Wedl" or "Mr. Wedl") that occurred on a flight operated by Defendant United Air Lines, Inc. ("UAL") that departed from Hong Kong, S.A.R. to San Francisco, CA on or about July 9, 2016. [#1]. The next day, Plaintiff filed an identical matter in California state court ("California action" or "California matter"). [#13 at 1].

---

[1] This court construes Plaintiff's Notice as a motion because it is seeking relief from the court.

In this case, UAL was served on August 16, 2018, but has not entered an appearance. [#11]. Mr. Wedl has not yet been served. [#12].

On August 30, 2018, Plaintiff filed a motion to stay proceedings based on the identical California action. [#11]. This court set a Telephonic Status Conference for September 6, 2018, to discuss the request for a stay with counsel. [#14]. At that Status Conference, counsel for UAL made a special appearance and stated that, while it would not contest personal jurisdiction in the California action, it would contest personal jurisdiction here. [#15, #16 at 3]. Given the indefinite duration of a stay based upon the adjudication of the California action, this court discussed administrative closure with leave for opening with good cause, as an alternative to a stay, with the Parties. [#15]. Both counsel for Ms. Dowling and counsel for UAL agreed that administrative closure, to the extent that it preserved statute of limitations and personal jurisdiction issues, would be appropriate. Accordingly, Plaintiff filed her Motion Requesting Administrative Closure. [#16].

## **LEGAL STANDARD**

Plaintiff represents that these matters are identical, and on that basis, moved for a stay of the federal case pursuant to the *Colorado River* doctrine. [#13]. Application of the *Colorado River* doctrine requires two steps: First, determining whether or not the matters are parallel, *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994), and then determining whether staying or dismissing the federal case is warranted based on a four-factor balancing test: (1) simultaneous jurisdiction over a single res; (2) the relative convenience of the forums; (3) the order in which proceedings were initiated; (4) the need to avoid piecemeal litigation. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir 1999) (reciting the criteria for applying the doctrine) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

This court agrees that the *Colorado River* doctrine applies and this court should abstain from proceeding with this action until the resolution of the state court matter. The state court action in California involves precisely the same parties, the same claims concerning the same conduct, and was filed nearly contemporaneously with this action. *See* [#13 at 2, 3; #16]. Thus, the actions are parallel. The four-factor balancing test warrants administrative closure as well. As mentioned, UAL has agreed to accept service of process in the California action and while it will not challenge personal jurisdiction in that court, it would challenge personal jurisdiction in this court. [#16 at 3]. Defendant Wedl has not been served in either action. Abstaining from proceeding with this case pending the resolution of the California action will avoid piecemeal litigation and may resolve all claims that could be presented in this case.

Instead of staying the case, however, this court finds that administrative closure is more appropriate, given the fact that the California action just recently commenced; that no trial has been set in that matter (or this one); that the duration of that proceeding is unknown at this time; and that the resolution of the California action may effectively resolve this one as well. Through administrative closure, the Parties may preserve any issues or arguments with respect to statute of limitations and/or personal jurisdiction. In addition, the court notes that the allegations in the Complaint do not suggest that Defendant Wedl is a resident or citizen of Colorado, and therefore, this court's ability to exercise personal jurisdiction over him might also be contested.

Because all Parties have not consented to the jurisdiction of a Magistrate Judge, this matter should be reassigned to a District Judge pursuant to D.C.COLO.LCivR 40.1(c)(3)(b).

# CONCLUSION

For the foregoing reasons, this court **ORDERS** that**:**

(1)     The Motion to Stay Proceedings [#13] is **DENIED**;

(2)     The Clerk of the Court is **DIRECTED to REDRAW** this action to a District Judge for further proceedings; and

(3)     The Scheduling Conference currently set for Friday, September 14, 2018 at 3:30 PM in Courtroom A 502 is **VACATED**.

This court further respectfully **RECOMMENDS** that:

(1)     This action be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.L.CivR 41.2, with leave to reopen for good cause established by any Party.[2]

---

2 Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order,

DATED: September 13, 2018					BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).